Nicholas D. Kovarik, WSBA #35462
Email: nick@pyklawyers.com
PISKEL YAHNE KOVARIK, PLLC
522 W. Riverside Ave., Suite 700
Spokane, Washington 99201
509-321-5930 – Telephone
509-321-5935 – Facsimile

Attorney for Plaintiffs Jerry Singletary, et al.

U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERRY SINGLETARY, Individually and For Others Similarly Situated.<br><br>Plaintiffs,<br>v.<br>AECOM.<br><br>Defendant. | Case No.: 2:18-cv-00372<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jerry Singletary (Singletary) is informed and believes, and on that basis alleges, as follows:

## SUMMARY

1. AECOM (AECOM) failed to pay Singletary, and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA) and the Revised Code of Washington, Chapter 49.46 *et seq.* (RCW), Washington's Minimum Wage Act (WMWA), and any relevant regulations and/or rules adopted by the Washington Director of Labor and Industries (collectively, "Washington Wage Laws").

2. Instead, AECOM pays Singletary, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

CLASS AND COLLECTIVE ACTION COMPLAINT - 1

3. AECOM further failed to pay Singletary, and other workers like him, for all rest breaks, meal breaks in violation of Washington Wage Laws.

4. Singletary brings this collective and class action to recover unpaid overtime and other damages.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of the facts giving rise to this lawsuit occurred in this District.

## THE PARTIES

8. Singletary is an hourly employee of AECOM. His written consent is attached as Exhibit A.

9. Singletary seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

10. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

CLASS AND COLLECTIVE ACTION
COMPLAINT - 2



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

**All hourly employees of AECOM who were, at any point in the past 3 years, paid "straight time for overtime." (the "FLSA Class").**

11. Singletary also seeks certification of a class under Fed. R. Civ. P. 23 to remedy AECOM's violations of the Washington Wage Laws.

12. The class of similarly situated employees sought to be certified as a class action for the purposes of pursuing their Washington Wage Laws claims is defined as:

**All hourly employees of AECOM who worked in Washington who were, at any point in the past 3 years, paid "straight time for overtime" (the "Washington Class").**

13. Collectively, the FLSA Class Members and Washington Class Members are referred to as "Class Members."

14. AECOM is a multinational corporation with headquarters in Los Angeles, California. AECOM may be served with process by serving its registered agent: C T Corporation System at 111 Eight Ave, 13th Floor, New York, NY 10011.

## Coverage Under the FLSA

15. At all times hereinafter mentioned, AECOM was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all times hereinafter mentioned, AECOM was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all relevant times, AECOM was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)

CLASS AND COLLECTIVE ACTION
COMPLAINT - 3



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

of the FLSA, 29 U.S.C. § 203(s)(1), because AECOM is an engineering firm providing design, consulting, construction and management services throughout this country. Specifically, AECOM was responsible for maintenance of the nuclear waste treatment facility at issue.

18. At all relevant times, AECOM had an annual gross volume of sales made in excess of $1,000,000,000.00.

19. At all times hereinafter mentioned, Singletary and the Putative Class Members (as defined below) were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

20. AECOM is a multi-billion dollar engineering firm that provides design, consulting, construction, and management services to clients across the United States.

21. In order to provide these services, it employs individuals like Singletary.

22. Singletary was an hourly employee of AECOM.

23. Singletary was hired around May 2016.

24. Singletary was a Maintenance Superintendent for AECOM.

25. AECOM paid Singletary by the hour.

26. AECOM paid Singletary $60.57 per hour.

27. Singletary reports the hours he works to AECOM on a regular basis.

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

28. If Singletary worked fewer than 40 hours in a week, he was only paid only for the hours he worked.

29. For example, during the two-week pay period ending on July 29, 2016, Singletary was credited for working 63.5 hours.

30. During at least one of those two weeks, Singletary worked less than 40 hours.

31. Singletary was paid $60.57 for 63.5 hours he worked.

32. But Singletary regularly worked more than 40 hours in a week.

33. The hours Singletary works are reflected in AECOM's records.

34. AECOM paid Singletary at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

35. Rather than receiving time and half as required by the FLSA, Singletary only received "straight time" pay for overtime hours worked.

36. This "straight time for overtime" payment scheme violates the FLSA.

37. Singletary was not paid for periods of inactivity during meal breaks and rest breaks.

38. AECOM has not paid Singletary the overtime he is owed, constituting waiting time.

39. AECOM was aware of the overtime requirements of the FLSA.

40. AECOM nonetheless failed to pay certain hourly employees, such as Singletary, overtime.

CLASS AND COLLECTIVE ACTION COMPLAINT - 5



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

41. AECOM's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

**FLSA VIOLATIONS**

42. By failing to pay Singletary and the FLSA Class Members overtime at one-and-one-half times their regular rates, AECOM violated the FLSA's overtime provisions.

43. AECOM owes Singletary and the FLSA Class Members the difference between the rate actually paid and the proper overtime rate.

44. Any differences in job duties do not detract from the fact that these hourly workers are entitled to overtime pay.

45. Because AECOM knew, or showed reckless disregard for whether, its pay practices violated the FLSA, AECOM owes these wages for at least the past three years.

46. AECOM is liable to Singletary and the FLSA Class Members an amount equal to all unpaid overtime wages as liquidated damages.

47. Singletary and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

48. The workers impacted by AECOM's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

## WASHINGTON WAGE LAW VIOLATIONS

49. Singletary realleges and reincorporates all allegations above as if incorporated herein.

50. The foregoing conduct, as alleged, violate the Washington Wage Laws.

51. At all relevant times, AECOM has been, and continue to be, an "employer" within the meaning of the Washington Wage Laws. At all relevant times, AECOM employed "employee[s]," including Singletary and the Washington Class, within the meaning of the Washington Wage Laws.

52. RCW §49.52.070 provides that employers who violate Washington's minimum wage laws under the circumstances present in this case are liable for double the amount of wages improperly withheld.

53. Pursuant to RCW §49.52.080, there exists a presumption of willfulness.

54. The Washington Wage Laws require an employer, such as AECOM to pay overtime compensation to all non-exempt employees. Singletary and the Washington Class are not exempt from overtime pay requirements under the Washington Wage Laws.

55. More specifically, the Washington Class members' claims are subject to the three-year statute of limitations applicable to the WMWA and implied contracts, as provided under RCW § 4.16.080(3). *See e.g.*, *Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 139 Wash. 2d 824, 838, 991 P.2d 1126, 1134, opinion corrected on denial

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

of reconsideration, 1 P.3d 578 (Wash. 2000); *Mitchell v. PEMCO Mut. Ins. Co.*, 134 Wash. App. 723, 737, 142 P.3d 623 (2006).

56. At all relevant times, AECOM had a policy and practice of failing and refusing to pay overtime pay to Singletary for his hours worked in excess of forty hours per workweek.

57. AECOM violated Washington Wage Laws including, but not necessarily limited to, RCW, WMWA, by failing to pay the Washington Class on a salary basis.

58. At all relevant times, AECOM did not pay the Washington Class on a salary basis, so the Washington Class was not exempt under Wash. Admin. Code §296-128-510 (executive), Wash. Admin. Code §296-128-520 (administrative), Wash. Admin. Code §296-128-530 (professional), and Wash. Admin. Code §296-128-532 (salary basis and deductions).

59. With regards to the Class Members, AECOM did not comply with Washington Admin. Code §296-126-092(4) which provides: "Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time."

60. At all relevant times, Defendants willfully failed and refused, and continues to willfully fail and refuse, to pay Singletary and Class Members the amounts owed. Specifically, Defendant claws back all hourly advances not paid for

CLASS AND COLLECTIVE ACTION
COMPLAINT - 8



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

rest/meal break time. This conduct violates Washington Wage Laws as alleged in this cause of action.

61. AECOM has denied Singletary and the Washington Class wages and benefits of employment, including contractual vacation pay, as alleged herein. AECOM's deduction of Singletary and the Washington Class members vacation pay for wages results in depriving Singletary and Washington Class members of their vacation pay, in violation of RCW §49.52.050. AECOM is, therefore, liable to Singletary and the Washington Class for all such vacation pay and other improperly deducted or rebated wages or earnings, and double damages, under RCW §49.52.070.

62. Singletary and the Washington Class seek recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants.

63. Singletary and the Washington Class seek damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; actual damages; penalty damages; and such other legal and equitable relief as the Court deems just and proper.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

64. AECOM's illegal "straight time for overtime" policy extends beyond Singletary.



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

65. It is the "straight time for overtime" payment plan that violates the FLSA in this collective and class action.

66. AECOM pays hundreds of hourly employees according to the same unlawful scheme.

67. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

68. Singletary and the Class Members impacted by AECOM's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

69. AECOM has accurate records of the wages paid to its hourly workers.

70. The Class Members are geographically disbursed, residing, and working in states across the country.

71. Singletary's experiences are typical of the experiences of all Class Members.

72. Singletary has no interests contrary to, or in conflict with, the members of the Class Members. Like each member of the proposed classes, Singletary has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

73. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

74. Absent this action, many members of the FLSA Class and Washington Class likely will not obtain redress of their injuries and AECOM will retain the proceeds of their violations of the FLSA and Washington Wage Laws.

75. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

76. The questions of law and facts common to each of the FLSA and Washington Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether AECOM employed the FLSA and Washington Class Members within the meaning of the FLSA and Washington Wage Laws;

    b. Whether the FLSA and Washington Class Members were exempt from overtime;

    c. Whether AECOM's decision not to pay overtime to the FLSA and Washington Class Members was made in good faith; and

    d. Whether AECOM's violation of the FLSA and Washington Wage Laws was willful.

77. Singletary's claims are typical of the FLSA and Washington Class Members since both have sustained damages arising out of AECOM's illegal and uniform employment pay policy.



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930/F 509.321.5935

78. Singletary knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

79. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

80. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

## JURY DEMAND

81. Pursuant to F.R.C.P. 38, Singletary demands a trial by jury.

## PRAYER

82. WHEREFORE, Singletary prays for relief as follows:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the proposed Class Members to permit them to join this action by filing a written notice of consent;

b. For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23 under Washington Wage Laws;

CLASS AND COLLECTIVE ACTION
COMPLAINT - 12



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

c.  Judgment against AECOM awarding Singletary and the Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

d.  An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

e.  All such other and further relief to which Singletary and the Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Nicholas D. Kovarik*
    Nicholas D. Kovarik
    WA Bar No. 35462
    nick@pyklawyers.com
    **PISKEL YAHNE KOVARIK, PLLC**
    522 W. Riverside Ave., Suite 700
    Spokane, Washington 99201
    509-321-5930 – Telephone
    509-321-5935 – Facsimile

    Michael A. Josephson
    Texas Bar No. 24014780
    mjosephson@mybackwages.com

    Andrew Dunlap
    Texas Bar No. 24078444
    adunlap@mybackwages.com

    Richard M. Schreiber
    Texas Bar No. 24056278
    **JOSEPHSON DUNLAP, LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile

CLASS AND COLLECTIVE ACTION COMPLAINT - 13



Pro Hac Vice Forthcoming

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
rburch@brucknerburch.com
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
Pro Hac Vice Forthcoming

**ATTORNEYS FOR PLAINTIFFS**

CLASS AND COLLECTIVE ACTION
COMPLAINT - 14

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935